UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Diva D. Ross, individually and on behalf of all others similarly situated and on behalf of the general public,<br><br>    Plaintiff,<br>v.<br><br>QTC Commercial Services, LLC, d/b/a IMX Medical Management Services,<br><br>    Defendant. | Case No.: 2:23-cv-03214<br><br>**JURY TRIAL DEMANDED** |
| Trevis Bravener, individually and on behalf of all others similarly situated and on behalf of the general public,<br><br>    Plaintiff,<br>v.<br><br>QTC Commercial Services, LLC, d/b/a IMX Medical Management Services,<br><br>    Defendant. | Case No.: 2:23-cv-03598<br><br>JURY TRIAL DEMANDED |

**ORDER CONSOLIDATING CASES
AND APPOINTING LEAD COUNSEL**

This matter, having come before the Court by Plaintiffs in the above-captioned matters, by their Motion to Consolidate Cases and Appoint Interim Class Counsel ("Motion") [2:23-cv-03214, Doc. 9], [2:23-cv-03598, Doc. 7] pursuant to Rules 23(g) and 42 of the Federal Rules of Civil Procedure, Memorandum in Support, and the Complaint in all actions, and having found that the cases involve some of the same issues of fact and law, grow out of the same alleged data breach involving Defendant QTC Commercial Services, LLC, d/b/a IMX Medical Management Services ("IMX" or "Defendant"), have many of the same claims, and have proposed class definitions that

1

will encompass the same persons, this Court finds that the cases have sufficient commonality of issues and parties to warrant consolidating the cases. This Court further finds that the benefits of consolidation are not outweighed by any risk of prejudice or jury confusion. The effect of such consolidation will be judicial economy and preserving the Parties' resources, as well as avoiding disparate rulings in separate actions.

Accordingly, because this Court finds that the Consolidated Actions have sufficient commonality of law and fact and does not increase the risk of an unfair outcome, **IT IS HEREBY ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1. *Ross v. QTC Commercial Services, LLC, d/b/a IMX Medical Management Services*, No. 2:23-cv-03214 (E.D. Pa.) and *Bravener v. QTC Commercial Services, LLC, d/b/a IMX Medical Management Services*, No. 2:23-cv-03598 (E.D. Pa.) (collectively the "Related Actions"), pursuant to Fed R. Civ. P. 42(a) are consolidated (hereafter the "Consolidated Action").

2. All papers filed in the Consolidated Action shall be filed under Case 2:23-cv-03214 and shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: QTC Commercial Services, LLC, d/b/a IMX Medical Management Services, LLP Data Breach Litigation<br><br>This Documents Relates To:<br><br>_____ | Master File No.: 2:23-cv-03214 |

3. The case file for the Consolidated Action will be maintained under Master File No. 2:23-cv-03214. When a pleading is intended to apply to the other case (Civ. No. 23-3598) to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption described above. When a pleading is not intended to apply to the other case, the docket number for each individual action to which the paper is intended to apply and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption identified above, for example, "2:23-cv-03214."

4. The Court hereby appoints William B. Federman of Federman & Sherwood and David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg") as interim co-lead class counsel to act on behalf of the Plaintiffs and the putative Class with the responsibilities set forth below:

   a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

   b. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the Class consistent with the requirements of the Federal Rules of Civil Procedure;

    c. Convene meetings amongst counsel;

    d. Conduct settlement negotiations on behalf of Plaintiffs and the putative Class;

    e. Delegate tasks to other plaintiffs' counsel as needed and appropriate in a manner to ensure that pretrial preparation for Plaintiffs and the putative Class is conducted efficiently and effectively;

    f. Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

    g. Monitor the activities of all counsel to ensure that schedules and litigation deadlines are being met and unnecessary expenditures of time and funds are avoided;

    h. Ensure that all counsel comport with the billing and expense protocol being used by the leadership team and that will be submitted to the Court for approval;

    i. Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

    j. Serve as the primary contact for communications between the Court and other plaintiffs' counsel;

    k. Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel via the Court's electronic filing system);

    l. Communicate with defense counsel as necessary to promote the efficient advancement of this litigation; and

    m. Performing all other duties or tasks as are necessary to the prosecution of this matter on behalf of the putative Class.

5. The Court hereby appoints Randi Kassan of Milberg as interim liaison counsel with the responsibilities set forth below:

   a. Maintain and distribute to co-counsel and to Defendant's liaison counsel an up-to-date service list;

   b. Receive and, as appropriate, distribute to co-counsel orders from the Court and documents from opposing parties and counsel;

   c. Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository;

   d. Establish and maintain a document depository; and

   e. Perform such other duties that may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by lead interim class counsel.

6. Plaintiffs in the Consolidated Action shall file an operative, Consolidated Amended Complaint ("CAC") within 45 days of this Order. Defendant need not respond to any of the previously filed complaints in the Consolidated Actions, and will respond to the operative CAC within 90 days of this Order. If Defendant files a motion directed to the CAC, Plaintiffs will have 30 days thereafter to file an opposition, and Defendant will then have 21 days to file a reply.

**IT IS SO ORDERED.**

Dated: November 14, 2023

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.