UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: QTC Commercial Services, LLC, d/b/a IMX Medical Management Services, LLP Data Breach Litigation<br><br>This Document Relates To:<br><br>All Actions | Master File No.: 2:23-cv-03214 |

## FINAL APPROVAL ORDER AND JUDGMENT

**WHEREAS,** Plaintiffs Diva D. Ross and Trevis Bravener (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated (the "Settlement Class," each a "Settlement Class Member"), moved this Court for an Order granting Final Approval of Class Action Settlement, and Defendant QTC Commercial Services, LLC d/b/a IMX Medical Management Services ("Defendant" or "QTC") appeared at the Final Approval Hearing before this Court on September 5, 2025;

**WHEREAS,** this Court granted preliminary approval of the parties' settlement agreement (the "Settlement Agreement"; memorializing the "Settlement") in the above-captioned action ("Action") on April 17, 2025 ("Preliminary Approval Order");

**NOW,** upon the reading of the Settlement Agreement and annexed exhibits and memorandum of law in support of Plaintiffs' Motion for Final Approval of Class Action Settlement, after hearing counsel for all of the parties at the Final Approval Hearing, and after due deliberation having been held thereon, the Court grants final approval of the Settlement Agreement and Settlement, and hereby finds and orders for purposes of settlement only:

1. Capitalized terms used in this Order and Judgment and not otherwise defined herein shall have the definitions assigned to them in the Settlement Agreement.

2.  This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.  The Court certifies the following Settlement Class for settlement purposes only under Fed. R. Civ. P. 23:

> All natural persons residing in the United States who were provided notice that their personal information was involved in the Data Incident.

Excluded from the Settlement Class are any judge presiding over this matter; QTC's officers and directors; Persons who timely and validly requested exclusion from the Settlement Class; and any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge.

4.  The Court hereby fully, finally, and unconditionally approves the Settlement embodied in the Settlement Agreement as a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Action.

5.  The Settlement Class Members have been given proper and adequate notice of the Settlement, Final Approval Hearing, and Class Counsel's application for attorneys' fees, expenses, and the service award to the Settlement Class Representatives.

6.  An affidavit or declaration of the Settlement Administrator's compliance with the Notice process has been filed with the Court. The Notice process, as set forth in the Settlement Agreement and ordered in the Preliminary Approval Order, constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in accordance with the requirements of Fed. R. Civ. P. 23.

7.  The Court hereby orders that the Settlement Agreement shall be implemented in accordance with its terms and conditions.

8. The Court appoints Plaintiffs Diva D. Ross and Trevis Bravener as Settlement Class Representatives and finds them to be adequate.

9. The Court appoints William B. Federman of Federman & Sherwood and David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel and finds each of them to be adequate, experienced, and well-versed in class action litigation, including data breach litigation.

10. In accordance with the Settlement Agreement, Class Counsel is hereby awarded $233,333.00 in attorneys' fees, and costs, and expenses in the amount of $1,619.30, to be paid as specified in the Settlement Agreement.

11. In accordance with the Settlement Agreement, Settlement Class Representatives are hereby awarded $2,500.00 each, for a total of $5,000.00, to be paid as specified in the Settlement Agreement.

12. Upon the Effective Date, the Action shall be, and hereby is, dismissed with prejudice in its entirety as to Defendant, with each party to bear its/his/her own costs and attorneys' fees, except as provided in the Settlement Agreement, and all of the claims of the Settlement Class Members shall be, and hereby are, dismissed and released pursuant to the Settlement Agreement.

13. Each Settlement Class Member is bound by this Judgment and Order, including, without limitation, the release of certain claims against the Released Parties as set forth in the Settlement Agreement, which includes a complete and final release by the Settlement Class, and each member thereof, of the following:

> [A]ny and all past, present, and future claims and causes of action including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality; violations of state consumer protection statutes; violations of state privacy-protections; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of fiduciary duty;

breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; or failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages; injunctive relief; disgorgement; declaratory relief; equitable relief; attorneys' fees and expenses; pre-judgment interest; credit monitoring services; the creation of a fund for future damages; statutory damages; punitive damages; special damages; exemplary damages; restitution; and/or the appointment of a receiver; whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of (1) the Data Incident; (2) the alleged theft or improper access to any Settlement Class Member's data; (3) any deficiencies in QTC's information security or duty by QTC to securely maintain a Settlement Class Member's data before or at the time of the events described in the Complaint; or (4) any other transactions, occurrences, facts, or circumstances that were alleged or otherwise described in, or could have been alleged or described in, the Complaint or Litigation.

The Settlement Class Representatives and Settlement Class Members are enjoined from prosecuting any Released Claims in any proceeding against any of the Released Persons or prosecuting any claim based on any actions taken by any of the Released Persons that are authorized or required by this Settlement or by the Final Approval Order and Judgment.  It is further agreed that the Settlement and/or this Final Approval Order and Judgment may be pleaded as a complete defense to any proceeding subject to this section.

14. As of the final date of the Opt-Out Period, no potential Settlement Class Members have submitted a valid request to be excluded from the Settlement.

15. One Objection was filed.  The Court, having considered the Objection and the response of Plaintiffs and Class Counsel thereto, hereby finds that the objection is not well-taken, and overrules the Objections.

16. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the

4

Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

17. This Judgment and Order, and the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by the Defendant of any liability, claim, or wrongdoing in this Action or any other proceeding.

18. In the event that the Settlement Agreement does not become effective in a manner consistent with the Settlement Agreement, then this Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

19. The Court hereby finds that there is no just reason for delay of entry of this Judgment and hereby directs its entry.

20. This Final Approval Order and Judgment, the Settlement Agreement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered, received, or admissible in evidence in any action or proceeding, or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; ***provided, however***, that nothing in the foregoing, the Settlement Agreement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement Agreement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment (including all releases in the Settlement Agreement and Final Approval Order and Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

21.     The Settlement Agreement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order and Judgment) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who has not opted out or any other Person subject to the provisions of this Final Approval Order and Judgment.

22.     Without affecting the finality of this Judgment in any way, this Action shall remain open, and the Court hereby retains continuing jurisdiction over (a) implementation of the Settlement Agreement; (b) disposition of the settlement funds; and (c) all parties hereto for the purpose of construing, enforcing and administering the Settlement Agreement and this Judgment.

**IT IS SO ORDERED** this __5th__ day of _____September_____, 2025.


/s/Joel H. Slomsky, J.
Hon. Joel H. Slomsky,
United States District Court Judge